IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| *FOR THE USE OF CONSTRUCTION* : | |
| *HARDWARE, INC.*, : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 12-3285 |
| RONALD D. PATTERSON, ET. AL. : | |

**SURRICK, J.**                                                             SEPTEMBER  24 , 2013

## MEMORANDUM

Presently before the Court are Plaintiff's Requests for Entry of Default against Defendants (ECF Nos. 11, 12, 13); Defendants' Motion to Open and/or Strike the Default Judgment (ECF No. 20); Plaintiff's Cross Motion to Enter Default Judgments Against Defendants (ECF No. 21); Defendants' Petition to Stay the Above Action until the Resolution of the Two Court of Claims Actions (ECF No. 26); and Plaintiff's Motion to Compel Discovery (ECF No. 28.) For the following reasons, Plaintiff's Requests for Entry of Default will be denied; Defendants' Motion to Open and/or Strike the Default Judgment will be granted; Plaintiff's Cross Motion to Enter Default Judgment will be denied; Defendants' Petition to Stay the Above Action until the Resolution of the Two Court of Claims Actions will be denied; and Plaintiff's Motion to Compel Discovery will be granted.

### I. BACKGROUND

#### A. Factual Background

Plaintiff Construction Hardware, Inc. ("Construction Hardware"), a subcontractor, and Defendant Aeroplate Corp. ("Aeroplate"), a general contractor, entered into a contract on

December 30, 2010, for construction, alteration and/or repair of the Veterans Administration Medical Center ("VAMC") Community Living Center located at University and Woodland Avenues in Philadelphia, Pennsylvania (the "Contract"). (Compl. ¶ 9, ECF No. 1.) Defendants Ronald Patterson ("Patterson") and Redi-Corp of Central California ("Redi-Corp") are the alleged sureties under a performance bond for the project. (*Id.* at ¶ 10.) Under the Contract, Plaintiff supplied doors, frames, and finished hardware to the project having a value of $411,915.00. (*Id.* at ¶ 11.) The last time Plaintiff performed any of his obligations under the contract was on July 1, 2011. (*Id.* at ¶ 12.) The contract amount still owed to Plaintiff is $253,752.90. (*Id.* at ¶ 13.) Despite repeated requests, Plaintiff has not been paid in full on the Contract. (*Id.* at ¶ 14.)

### B. Procedural History

On June 11, 2012, Plaintiff filed a Complaint against Defendants in this Court. (Compl.) The Complaint asserts the following claims: (1) a claim under the Miller Act, 40 U.S.C. § 3131, *et seq.*, against Patterson and Redi-Corp (Count I); (2) a breach of contract claim against Aeroplate (Count II); and (3) an unjust enrichment claim against Aeroplate (Count III). (Compl.) On August 22, 2012, default was entered against Aeroplate. (*See* ECF No. 5.) On September 7, 2012, default was entered against Patterson and Redi-Corp. (*See* ECF Nos. 6, 7.) On September 11, 2012, Defendants' attorney entered his appearance on behalf of all Defendants (ECF No. 8) and filed an Answer to the Complaint (Answer, ECF No. 9). On September 13, 2012, Plaintiff requested default judgment against all three Defendants. (ECF Nos. 11-13.)

A status conference was held on September 21, 2012. At the status conference, the parties discussed striking the defaults entered against Defendants. On September 21, 2012, an

order was entered setting a schedule for Defendants to file a motion to set aside the defaults. (ECF No. 19.) On September 28, 2012, Defendants' filed the instant Motion to Open and/or Strike the Default Judgment. (Defs.' Mot. Strike, ECF No. 20.)[1] On October 3, 3012, Plaintiff filed a response to Defendant's Default Judgment Motion (Pl.'s Resp. Strike, ECF No. 21), and a Cross Motion to Enter Default Judgments against Defendants (Pl.'s Mot. Default Judgment, ECF No. 21.)[2] On October 23, 2012, Defendants' filed the instant Petition to Stay the Above Action until the Resolution of the Two Court of Claims Actions. (Defs.' Pet., ECF No. 26.) Plaintiff filed a response to the Petition on November 6, 2012. (Pl.'s Pet. Resp., ECF No. 27.) On November 16, 2012, Plaintiff filed a Motion to Compel Discovery. (Pl.'s Disc. Mot., ECF No. 28.) Defendants filed a response to Plaintiff's Motion to Compel Discovery on January 7, 2013. (Defs.' Disc. Resp., ECF No. 29.)[3]

## II. DISCUSSION

### A. Motion to Open and/or Strike the Default Judgment

Defendants contend that they were not served properly, and therefore, the entry of default should be set aside against each of them. (Defs.' Mot. Strike 2.) Aeroplate asserts that the waiver of service signed on its behalf was done by an unknown individual who may not even work for the company. (*Id.* at 1.) Patterson contends that both he and Redi-Corp were

---

[1] Defendants style the Motion as a request to strike the default judgment; however, default judgment has not been entered against any of the Defendants. For purposes of this Motion, we will treat Defendants' request as a request to strike the defaults that were entered against them by the Clerk of Court.

[2] Patterson is the designated service agent for Redi-Corp. (Defs.' Mot. Strike 5-7.)

[3] Plaintiff also filed a Motion for Summary Judgment on July 3, 2013. (*See* ECF No. 31.) We will consider Plaintiff's request for summary judgment in a separate Memorandum.

improperly served because his wife is not authorized to accept service on either his behalf or on behalf of the now defunct corporation. (*Id.* at 1-2.)[4]

Plaintiff counters that each Defendant was properly served, and that improper service was waived since Defendants failed to raise the defense in their Answers. (Pl.'s Resp. Strike 2.) Plaintiff asserts that Aeroplate's designated agent for service signed and returned a waiver pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, and therefore, properly waived service. (*Id.* at 5.)[5] In addition, Plaintiff maintains that Patterson's wife, who was served with the Complaint, was a proper substitute for service under Rule 4(e). (Pl.'s Resp. Strike 6.)[6] Plaintiff argues that because Patterson was properly served under Rule 4(e), Redi-Corp was properly served as well. (*Id.* at 5-6.)

Pursuant to Rule 55(c), a court may set aside an entry of default "for good cause." Fed. R. Civ. P. 55©. The Third Circuit "does not favor entry of defaults," preferring instead for cases to be "decided on their merits." *GE Med. Sys. Info. Techs., Inc. v. Ansar, Inc.*, No. 04-2775, 2004 WL 2988513, at *2 (E.D. Pa. Dec. 23, 2004) (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984)). Courts should consider the following three

---

[4] Patterson also contends that Redi-Corp was never a surety to the contract with Plaintiff, and therefore, should not be a party to this action. (Defs.' Default Mot. 1.) Whether or not Redi-Corp should be a named Defendant in this action is not an issue presently before us. Redi-Corp may seek to dismiss the complaint against it separately if it wishes to do so.

[5] Rule 4(d) provides that a "plaintiff may notify [] a defendant that an action has been commenced and request that the defendant waive service of a summons." A defendant who timely returns a waiver "need not serve an answer to the complaint until 60 days after the request was sent . . . ." Fed. R. Civ. P. 4(d)(3).

[6] Rule 4(e) states that service can be effective when the summons and complaint are left with a competent adult at the defendant's usual place of residence.

factors when deciding whether to set aside an entry of default or default judgment: "'(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct.'" *Budget Blinds, Inc. v. White*, 536 F.3d 244, 256 (3d Cir. 2008) (quoting *$55,518.05 in U.S. Currency*, 728 F.2d at 195). Relief from a default entry is granted more readily than from a default judgment. *Mike Rosen & Assocs., P.C. v. Omega Builders, Ltd.*, 940 F. Supp. 115, 120 (E.D. Pa. 1996). As noted above, although the Motion is styled as a request to open and/or strike default judgment, no default judgment has been entered. We will treat the Motion as a motion to strike or set aside the entries of default.

            1.      *Prejudice to Plaintiff*

Plaintiff has the burden of demonstrating that his claim "would be materially impaired because of the loss of evidence, an increased potential for fraud or collusion, substantial reliance on the entry of default, or other substantial factors." *Dizzley v. Friends Rehab. Program, Inc.*, 202 F.R.D. 146, 148 (E.D. Pa. 2001). Delays in Plaintiff's potential recovery or potential expenses incurred from litigating the matter on the merits do not constitute the kind of prejudice the Court should consider in deciding whether to set aside an entry of default. *Ansar,* 2004 WL 2988513, at *2. Defendants filed their Answer four days after default was entered by the clerk, and moved to set aside the entries of default three weeks after the clerk's entry.[7] Plaintiff does not claim prejudice in his response to the motion to set aside the entries of default. Accordingly, we conclude that Plaintiff will not suffer prejudice if the entries of default are set aside.

---

      [7] Entry of default against Aeroplate was completed fifteen days prior to that of the other Defendants. The additional two weeks afforded this Defendant does not rise to a level of prejudice.

5

*2. Meritorious Defense*

A meritorious defense is a defense that is not invalid on its face. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987). Patterson denies Plaintiff's assertions that Plaintiff is owed $253,752.90 for subcontracted work, and also denies that Plaintiff last performed work on the project on July 1, 2011. (Answer ¶ 12.) Redi-Corp contends that it was never a surety on a performance bond for this project. (*Id.* at ¶ 10.) Finally, Aeroplate asserts that the United States Government breached the terms of the contract, and the Government, not the corporation, has been unjustly enriched. (*Id.* at ¶¶ 18, 20.) This record does not establish that Defendants lack a meritorious defense to this action.

*3. Culpable Conduct*

Conduct is culpable when the conduct leading to entry of default was "willful, intentional, reckless or in bad faith." *Momah v. Albert Einstein Med. Ctr.*, 161 F.R.D. 304, 308 (E.D. Pa. 1995). Defendants assert that the defaults should be set aside because their tardy Answer was a result of improper service. Rule 4 states that service can be made when the summons and complaint are left at the defendant's "dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(b); *see also* Fed. R. Civ. P. 4(h)(1)(A). Service is valid upon a corporation if it is in accordance with "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Rule 424 of the Pennsylvania Rules of Civil Procedure provides:

> Service of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons provided the person served is not a plaintiff in the action:

> (1) an executive officer, partner or trustee of the corporation or similar entity, or
> (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or
> (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

Pa. R. Civ. P. 424. If a waiver of service obtained from a corporate defendant has been filed by a plaintiff, it is "as if a summons and complaint had been served . . . ." Fed. R. Civ. P. 4(d)(4).

With respect to Aeroplate, a valid Rule 4(d) waiver signed by Aeroplate's agent for service of process was filed by Plaintiff.[8] Though Aeroplate claims no knowledge of the waiver, based on the evidence presented by Plaintiff, the agent's signature is valid. Patterson's *post-hoc* assertion that his wife is not an authorized agent for service fails. Patterson does not dispute that his wife is a person of suitable age and discretion residing at his usual place of residence. Plaintiff has satisfied Rule 4 summons requirements against Aeroplate and Patterson.

The validity of service upon Redi-Corp is less clear. Plaintiff argues that because Patterson was properly served through his wife, Redi-Corp was also properly served; Patterson is Redi-Corp's designated agent for service. (Pl.'s Default Resp. 7.) Patterson's wife is not authorized by Redi-Corp to accept service on behalf of the corporation, and is not an "executive officer, partner or trustee of the corporation." Pa. R. Civ. P. 424. The validity of service upon Redi-Corp is questionable.

Despite the valid service upon Aeroplate and Patterson, we do not find that Defendants'

---

[8] Plaintiff submitted the business entity detail maintained by the California Secretary of State demonstrating that William Bruckner is the agent for service of process for Aeroplate. (ECF No. 22 Ex. C.) Additionally, Plaintiff's attorney submitted phone records identifying Mr. Bruckner as Aeroplate's service agent. (ECF No. 22 Ex. B.) Plaintiff's attorney filed a sworn affidavit stating that he received the signed waiver after Mr. Bruckner left a message stating that he had signed and placed the waiver in the mail. (ECF No. 22.)

delayed Answer, filed four days after the Clerk's entry of default, was untimely submitted in bad faith. Defendants do not seek immediate dismissal of the action for improper service, but rather request that the defaults be set aside so that they may proceed with a defense. After considering the above three factors, we are compelled to conclude that the entries of default should be set aside. Plaintiff will not be prejudiced if the Court grants Defendants' motion, nothing in the record demonstrates that Defendants do not have a meritorious defense, and we do not find that Defendants' conduct, which led to defaults being entered against them, was in bad faith. Setting aside the entries of default is also consistent with Third Circuit jurisprudence supporting the resolution of disputes on their merits. *See, e.g., Kimberg v. Univ. of Scranton*, 411 F. App'x 473, 479 (3d Cir. 2010) (stating that "doubts as to whether a defendant should be permitted to file an untimely answer should be resolved in favor of allowing a determination on the merits"). Accordingly, Defendants' Motion to Open and/or Strike the Default Judgment will be granted.[9]

**B.     Petition to Stay**

A stay is an "extraordinary measure" that is "incidental to the power inherent in every court to dispose of cases so as to promote their fair and efficient adjudication." *United States v. Breyer*, 41 F.3d 884, 893 (3d Cir. 1994) (citation omitted). In determining whether to stay an action, a court may consider the following factors:

> principles of comity, the adequacy of relief available in the alternative forum, promotion of judicial efficiency, the identity of the parties and issues in the two actions, the likelihood of prompt disposition in the alternative forum, the convenience of the parties, counsel and witnesses and the possibility of prejudice if the stay is granted.

---

[9] Since the defaults against the Defendants will be stricken, Plaintiff's Requests for Entry of Default Judgment against Defendants (ECF Nos. 11, 12, 13), and Plaintiff's Cross Motion to Enter Default Judgments Against Defendants (ECF No. 21) will be dismissed as moot.

*Balfour v. Gutstein*, 547 F. Supp. 147, 148 (E.D. Pa. 1982). The burden is on the party seeking a stay to demonstrate that such an order is warranted. *Groves v. Ins. Co. of N. Am.*, 433 F. Supp. 877, 885 (E.D. Pa. 1977).

Defendants have failed to demonstrate that a stay is appropriate. Defendants have failed to offer any legal analysis supporting a stay. They only state that such an order would "benefit Judicial resources." (Defs.' Pet. 1.) Defendants point to two actions against the United States Government in which they believe they will be able to collect payment for contracted services. (*Id.* (citing *Aeroplate v. U.S.A.,* No. 12-374C (Fed. Cl. filed June 12, 2012); *Aeroplate v. U.S.A.,* No. 12-377C (Fed. Cl. filed June 14, 2012)).) Defendants state that when they recover money in those actions, they will be in a position to compensate Plaintiff for its services. (*Id.*) However, there appears to be little likelihood of a prompt disposition of the two pending actions in the Court of Federal Claims. A review of the dockets in the cited actions reveal that the parties are still in the discovery stage of proceedings, and trial dates have not yet been set. *See Aeroplate v. U.S.A.,* No. 12-374C; *Aeroplate v. U.S.A.,* No. 12-377C. In addition, the actions Defendants have filed against the Government will not directly address the assertions that Defendants dispute in the instant Complaint. Plaintiff is not a party in the other actions, and rulings made in those cases will not impact the relief that Plaintiff seeks here.

Claims against Defendants in other courts are moving forward, and a stay here could prejudice Plaintiff by affecting his ability to secure the unpaid monies owed for his performance under the subcontract.[10] A stay would not help Plaintiff collect in another forum, and could only

---

[10] A similar petition to stay was recently denied in *Touzour Energy Sys., Inc. v. Patterson*, Docket No. 2:11-cv-07889 (E.D. Pa.), ECF No. 20. Summary judgment has since been entered in that case. *Id.* at ECF No. 25. A stay in this case could put Defendant at a disadvantage by

9

serve to delay Plaintiff's ability to collect here. Therefore, Defendants' Petition to Stay the Above Action until the Resolution of the Two Court of Claims Actions will be denied.

      **C.     Motion to Compel Discovery**

Parties must make initial discovery "disclosures within 30 days after being served or joined . . . ." Fed. R. Civ. P. 26(a)(1)(D). After being served with interrogatories, "the responding party must serve its answers and any objections within 30 days . . . ." Fed. R. Civ. P. 33(b)(2). Defendants readily admit that more than thirty days have elapsed since they were served with interrogatories and requests for production. (Defs.' Disc. Resp. 1.) Defendants maintain that requested discovery need not be provided at this time because of the pending Court of Claims actions. (*Id.* at 2.) As discussed above, we will not stay the instant matter awaiting resolution in the Court of Claims cases. Pursuant to Rules 26 and 33, the discovery requested by Plaintiff shall be provided. Plaintiff's Motion to Compel Discovery will be granted.

---

delaying his ability to collect from a limited pool of resources for which Plaintiffs in other actions have a claim.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Requests for Entry of Default will be denied, Defendants' Motion to Open and/or Strike the Default Judgment will be granted, Plaintiff's Cross Motion to Enter Default Judgment will be denied, Defendants' Petition to Stay the Above Action until the Resolution of the Two Court of Claims Actions will be denied; and Plaintiff's Motion to Compel Discovery will be granted. An appropriate Order follows.

BY THE COURT:

_____
**R. BARCLAY SURRICK, J.**