IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| *FOR THE USE OF CONSTRUCTION* | : | |
| *HARDWARE, INC*. | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 12-3285 |
| RONALD D. PATTERSON, ET AL. | : | |

**SURRICK, J.**                                                                                              **JUNE  10 , 2014**

## MEMORANDUM

Presently before the Court is Plaintiff's Motion for Sanctions (ECF No. 42). For the following reasons, the Motion will be granted in part and denied in part.

**I.     BACKGROUND**

   **A.     Factual Background**

Plaintiff Construction Hardware, Inc., a subcontractor, brings this action against Defendants Aeroplate Corp. ("Aeroplate"), the general contractor, and Ronald Patterson ("Patterson"), the surety, to recover for materials supplied to Aeroplate in relation to a renovation project at the Veterans Administration Medical Center ("VAMC") located in Philadelphia, Pennsylvania. Plaintiff and Aeroplate entered into a contract on December 30, 2010, pursuant to which Plaintiff supplied doors, frames, and finished hardware valued at $411,915.00 to Aeroplate.[1] Plaintiff seeks judgment against Defendants in the amount of $253,083.84, plus

---

[1] This is one of many lawsuits brought by subcontractors against Aeroplate and Patterson for alleged non-payment for work performed and materials supplied in connection with the VAMC renovation project. *See, e.g*., *United States ex rel. U.S. Glass, Inc. v. Patterson*, No. 12-2634 (E.D. Pa., filed May 15, 2012) (Restrepo, J.); *United States ex rel. Esco Elec. Supply Co. v. Aeroplate Corp*., No. 12-4647 (E.D. Pa., filed Aug. 15, 2012) (Restrepo, J.); *United States ex rel. CM3Building Solutions, Inc. v. Patterson*, No. 12-3191 (E.D. Pa., filed June 6, 2012) (Slomsky, J.); *United States ex rel. Delaware Valley Concrete Co., Inc., v. Aeroplate Corp.*, No. 12-2514

interest, storage charges, and attorney's fees, the amount allegedly still owed to it under the contract. (Pl.'s Proposed Order, ECF No. 42.)

### B. Procedural History

On June 11, 2012, Plaintiff filed the Complaint asserting a claim under the Miller Act, 40 U.S.C. §§ 3131, *et seq.*, a breach of contract claim, and an unjust enrichment claim. (Compl., ECF No. 1.) Defendants failed to timely respond to the Complaint, which resulted in defaults being entered against them. Default was entered against Aeroplate on August 22, 2012, and against Patterson and Redi-Corp on September 7, 2012. On September 11, 2012, after the defaults were entered, Defendants filed an Answer to the Complaint. (ECF No. 9.) On September 13, 2012, Plaintiff filed motions for default judgment against the three Defendants. (ECF Nos. 11, 12, 13.)

At a conference held in Chambers on September 21, 2012, Defendants requested time to file a motion to set aside the defaults. (ECF No. 16.) On September 21, 2012, two Orders were entered: (1) a scheduling Order setting deadlines for discovery (ECF No. 17); and (2) an Order permitting Defendants seven days to file a motion to set aside the defaults (ECF No. 19). On September 8, 2012, Defendants filed a motion to set aside the defaults. (ECF No. 20.) Defendants also filed a petition to stay the action until resolution of Aeroplate's actions against the United States in the Court of Federal Claims.[2] On November 16, 2012, Plaintiff filed a

---

(E.D. Pa., filed May 8, 2012) (Goldberg, J.); *United States ex rel. Steven F. Kempf Bldg. Material Co. v. Aeroplate Corp.*, No. 12-2404 (E.D. Pa., filed May 3, 2012) (Robreno, J.); *United States ex rel. Marjam Supply Co. v. Aeroplate Corp.*, No. 12-2167 (E.D. Pa., filed Apr. 23, 2012) (Robreno, J.); *United States ex rel. Allied Healthcare Prods., Inc. v. Patterson*, No. 12-1660 (E.D. Pa., filed Apr. 3, 2012) (Schiller, J.); *Tozour Energy Sys., Inc. v. Patterson*, No. 11-7889 (E.D. Pa., filed Dec. 29, 2011) (Goldberg, J.).

[2] In their petition to stay, Defendants stated that the United States breached its contract with Aeroplate and failed to pay money owed to Aeroplate for the VAMC restoration project.

motion to compel discovery, requesting that Defendants respond to Plaintiff's request for interrogatories, and provide documents in response to Plaintiff's requests for production of documents. (ECF No. 28.) Defendants filed a response to Plaintiff's motion to compel, contending that discovery is unnecessary because of the Federal Claims Actions. (ECF No. 29.)

On September 24, 2013, we filed a Memorandum and Order: (1) denying Plaintiff's requests to enter default judgment against Defendants; (2) granting Plaintiff's motion to compel discovery answers; (3) granting Defendants' request to strike the defaults entered against them; and (4) denying Defendants' petition to stay the action until resolution of the Federal Claims Actions. (ECF Nos. 34, 35.)

Plaintiff filed a motion for summary judgment on July 3, 2013. (ECF Nos. 31, 32.) Defendants filed a one-and-a-half-page response to the motion for summary judgment, without addressing any factual assertions made by Plaintiff or citing to any legal authority. (ECF No. 33.)

On October 21, 2013, Plaintiff noticed the depositions of Defendants Patterson and Aeroplate to take place on November 15, 2013 at the office of Plaintiff's counsel. (Pl.'s Mot. Sanctions ¶ 1, ECF No. 42; *see also* Pl.'s Mot. Compel ¶ 1, ECF No. 36.) The date for these depositions was cleared in advance by Defendants' counsel. (Pl.'s Mot. Compel ¶ 1.) Defendants' counsel confirmed receipt of the deposition notices. (*Id*. at ¶ 2.) The day before the depositions were to take place, Defendants' counsel notified Plaintiff's counsel that Defendants would not be appearing for the depositions. (*Id*. at ¶ 3.) On November 15, 2013, Aeroplate and

---

Aeroplate filed two actions in the Court of Federal Claims to recover money from the United States (the "Federal Claims Actions"). *See Aeroplate v. United States*, No. 12-374 (Fed. Cl., filed June 12, 2012); *Aeroplate v. United States*, No. 12-377 (Fed. Cl., filed June 14, 2012). Defendants continue to maintain that once the Federal Claims Actions are resolved, it will be able to pay all of its subcontractors on the VAMC restoration projection, including Plaintiff.

Patterson failed and refused to appear for their noticed depositions. (*Id*. at ¶ 4.) That same day, Plaintiff filed a motion to compel depositions. (ECF No. 36.) On December 12, 2013, Defendants filed a response to the motion to compel, indicating that they did not object to being deposed, that the time noticed was inconvenient for them, and that depositions should proceed in California. (ECF No. 37.)

On January 30, 2014, the Court entered an Order granting Plaintiff's motion to compel. (ECF No. 38.) The Order stated that Aeroplate and Patterson must appear for depositions within two weeks "at a convenient location to be determined by counsel for Plaintiff." (*Id*.) The Order also stated that within 15 days of the last scheduled deposition, Defendants were to file a response to Plaintiff's motion for summary judgment, including a brief. (*Id*.) The Order notes that Defendants' original one-and-a-half-page opposition to summary judgment was "woefully deficient" in that it failed to address any of the factual or legal assertions raised by Plaintiff. (*Id*. at n.2.)

In accordance with our Order, Plaintiff rescheduled the depositions of Aeroplate and Patterson to take place on February 26, 2014 at 9:30 a.m. at Plaintiff's counsel's office located in Trevose, Pennsylvania. (Pl.'s Mot. Sanctions ¶ 5.) At the request of defense counsel, the time of the depositions was moved to 1:30 p.m. (*Id*.) On the day before the depositions were to take place, Defendants filed a motion for a protective order, claiming that they cannot afford the trip to Pennsylvania, and requesting that the depositions be conducted by way of video conference. (ECF No. 39.) Plaintiff opposed Defendants' motion for a protective order. (ECF No. 40.) On February 25, 2014, Defendants' motion for a protective order and request to conduct the depositions by way of video conferencing was denied. (ECF No. 41.) Despite the Court's denial of their motion, Defendants again failed to appear for their depositions scheduled for February

4

26, 2014. (Pl.'s Mot. Sanctions ¶ 8.) Defendants have also failed to respond to document requests that were served on October 21, 2013, and re-served on February 3 and February 7, 2014. (*Id.* at ¶ 10.)

On March 5, 2014, Plaintiff filed the instant Motion for Sanctions. (Pl.'s Mot. Sanctions; Pl.'s Mem., ECF No. 42.)[3] On March 23, 2014, Aeroplate and Patterson filed an Answer and supporting Memorandum in opposition to the Motion. (Defs.' Ans., ECF No. 43; Defs.' Mem., ECF No. 43.) On March 26, 2014, Plaintiff filed a Reply. (Pl.'s Reply, ECF No. 44.)

## II.   DISCUSSION

Plaintiff's Motion requests that default judgment be entered against Defendants Aeroplate and Patterson as a sanction provided by Rule 37(b) of the Federal Rules of Civil Procedure. Plaintiff contends that Defendants' failure to appear for depositions, respond to discovery requests, and comply with Court orders "has been willful, obdurate, vexatious, in bad faith, in intentional disregard of the Court's authority, and part of a purposeful strategy to delay and impede the resolution of this case on the merits." (Pl.'s Mot. ¶ 10.) Plaintiff argues that Defendants' conduct has not only prejudiced its ability to prepare for trial and presents its claims, but also has needlessly caused the litigation to be more expensive. (*Id.* at ¶ 11.) Plaintiff also requests fees and costs from Defendants associated with filing the Motion for Sanctions.

Defendants respond that Plaintiff's request for judgment as a sanction should be denied because "sanctions hurts everyone" in that it may lead to Defendants needing to file bankruptcy. Defendants state that they cannot afford to travel across the country for depositions, and that

---

[3] The Motion does not seek judgment against Defendant Redi-Corp. It appears that Plaintiff no longer is pursuing claims against Redi-Corp; however, neither party has requested that Redi-Corp be dismissed from the case. Accordingly, although we will enter judgment against Defendants Patterson and Aeroplate, the case will remain open as to Plaintiff's claims against Redi-Corp.

5

Plaintiff's attorney is being unreasonable because he fails to cooperate with the other subcontractors and is forcing Defendants' bankruptcy. (Pl.'s Ans. 1-2.) Defendants assert, as they have done in previous filings, that Plaintiff's recovery of fees owed to it rests on the outcome of the two Federal Claims Actions. (Pl.'s Mem. 1.) Defendants allege that their counsel and counsel for another subcontractor contacted Plaintiff's counsel to "explain the entire situation," and that Plaintiff's counsel refused to work with the other subcontractors, suggesting that Plaintiff's counsel is being unreasonable for pursuing his claims instead of waiting until resolution of the Federal Claims Actions. (*Id*.)

### A.     Default Judgment as a Sanction

Rule 37(b) permits a court to impose sanctions for a party's non-compliance with discovery obligations. Fed. R. Civ. P. 37(b); *see Hewlett v. Davis*, 844 F.2d 109, 113 (3d Cir. 1988) ("Rule 37(b)(2) offers a wide range of sanctions for noncompliance with an order to compel discovery."). One of the sanctions available is "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi).[4] "Sound judicial policy favors disposition of cases on their merits rather than on procedural defaults." *Hewlett*, 844 F.2d at 113. In light of this, "dismissal with prejudice is an extreme and drastic sanction [that should be] reserved only

---

[4] Plaintiff requests that the Court render a default judgment against Defendants Aeroplate and Patterson as the disobedient parties under Rule 37(b)(2)(A)(vi). In the alternative, Plaintiff requests that the Court prohibit Defendants from responding to Plaintiff's motion for summary judgment and grant that motion, under Rule 37(b)(2)(A)(i) and (ii). Subsection (i) permits the court to "direct[] that matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims." Fed. R. Civ. P. 37(b)(2)(A)(i). Subsection (ii) permits the court to "prohibit[] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii).

Because Plaintiff's alternative request for sanctions under subsections (i) and (ii) accomplishes the same result as its request under subsection (vi)—judgment entered against Defendants—and because we find that entering default judgment as a sanction against Defendants is appropriate in this case, we will limit our discussion to subsection (vi) of Rule 37(b)(2)(A).

for appropriate cases." *Nusbaum v. MBFG Ltd. P'ship*, 314 F. App'x 516, 517 (3d Cir. 2009); *see also Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 866 (3d Cir. 1984) (noting that dismissal is appropriate when "there is a clear record of delay or contumacious conduct" by the disobedient party); *NHL v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976) (noting that default judgment is an appropriate sanction when a party acts in "flagrant bad faith" and its counsel shows "callous disregard for their responsibilities"). The choice of the appropriate sanction for noncompliance with discovery obligations is "committed to the sound discretion of the district court." *Hewlett*, 844 F.2d at 113.

In considering whether default judgment is an appropriate sanction under Rule 37, courts consider the six factors enumerated by the Third Circuit in *Poulis*:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

747 F.2d at 868. There is no "magic formula" or "mechanical calculation" that the court must use in balancing these factors. *Briscoe v. Klause*, 538 F.3d 252, 263 (3d Cir. 2008). Not one of the *Poulis* factors is dispositive, and not all of the factors need to be satisfied in order to find that default judgment is appropriate. *Id.*; *see also Rita's Water Ice Franchise Co., LLC v. Smith Enters., LLC*, No. 10-4297, 2011 U.S. Dist. LEXIS 33382, at *8 (E.D. Pa. Mar. 29, 2011). We will consider each of the *Poulis* factors separately.

### 1. The Extent of the Personal Responsibility of Defendants

Defendants bear personal responsibility for neglecting their discovery obligations. Defendants themselves failed to personally appear for two scheduled depositions despite an order compelling their attendance. Moreover, there has been no indication in the pleadings filed by

defense counsel that counsel takes any responsibility for Defendants' failure to comply with discovery orders. The only reason provided by Defendants for their failure to appear for their scheduled depositions was that they could not afford travel from California to Pennsylvania. As discussed hereinafter, *see infra* at Section II.A.3, we do not find that this explanation justifies Defendants' persistent disregard of their discovery obligations and complete disregard of the Court's orders compelling compliance. Defendants voluntarily became involved with a restoration project in Pennsylvania. When the project became problematic and litigation ensued in this district, Defendants had every opportunity to request a change of venue, but did not. They cannot now claim that jurisdiction in the Eastern District of Pennsylvania inconveniences them. This *Poulis* factor weighs in favor of granting Plaintiff's request for sanctions.

        2.       *Prejudice to the Adversary*

In considering this *Poulis* factor, we note that "[p]rejudice does not require a showing of irremediable harm to the opposing party." *Smith ex rel. Ali v. Altegra Credit Co.*, No. 02-8221, 2004 U.S. Dist. LEXIS 21478, at *15 (E.D. Pa. Sept. 23, 2004) (internal quotation marks omitted). Rather, "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). "'Examples of prejudice include actions that hinder a party's ability to conduct discovery, develop the factual record, and reach a speedy and fair resolution of the litigation.'" *Rita's Water Ice*, 2011 U.S. Dist. LEXIS 33382, at *10 (quoting *Altegra Credit*, 2004 U.S. Dist. LEXIS 21478, at *16). Prejudice can also be demonstrated by conduct causing a party to incur fees and costs associated with obtaining court orders to compel compliance with discovery obligations. *Northstar Fin. Cos. v. Nocerino*, No. 11-5151, 2013 U.S. Dist. LEXIS 163522, at *20 (E.D. Pa. Nov. 15, 2013).

Defendants failed to respond to discovery requests, requiring Plaintiff to incur fees and costs to file a motion to compel.  Despite the Court's granting of Plaintiff's motion and entering an order compelling Defendants to respond to discovery requests, Defendants have nevertheless failed to provide documents or otherwise respond to Plaintiff's requests for production of documents.  In addition, on two occasions Defendants have failed to appear for their scheduled depositions, despite Plaintiff's counsel's efforts in accommodating their schedules, and two Court orders compelling their attendance.  Defendants' tactics have caused both the discovery and the resolution of this litigation to be significantly delayed, to the great expense of Plaintiff and this Court.  This factor weighs strongly in favor of granting the requested sanction.

          3.     *History of Dilatoriness*

The history of Defendants' dilatoriness in this case traces back to before discovery commenced.  Defendants failed to file answers to Plaintiff's Complaint, which resulted in the Clerk of Court entering default against each of them.  The defaults were eventually stricken, but only after Plaintiff was forced to incur the additional expense of filing a brief in response to Defendants' motion to strike them.

With respect to discovery, Defendants have demonstrated a pattern of dilatory and contumacious conduct.  They failed to respond to Plaintiff's interrogatories and document requests.  Again, Plaintiffs had to incur unnecessary costs and expenses in filing a motion to compel discovery, which the Court granted.  As Plaintiff reveals in the instant Motion, despite Defendants being served two more times with the requests for production of documents, and in clear contravention of the Court's Order compelling them to respond, Defendants have yet to provide documents to Plaintiff or otherwise respond to these requests.  In addition, Defendants have twice failed to appear for their properly noticed and scheduled depositions, also in

contravention of the Court's Orders compelling them to attend and denying their request to participate by way of video conference.  Defense counsel confirmed the deposition times and confirmed receipt of the Court's Orders, further illustrating Defendants' apparent contemptuousness towards their discovery obligations and Court directive.  Finally, after Defendants submitted a "woefully deficient" response to Plaintiff's motion for summary judgment, the Court offered them another chance to respond, provided that the response was filed within two weeks of their last scheduled deposition.  Defendants' refusal to appear for the depositions also reveals their apparent attempt to thwart consideration of the motion for summary judgment in repudiation of this litigation.

We are not insensitive to Defendants' financial situation and to the fact that travel to Pennsylvania for depositions can be costly.  However, we are not persuaded by Defendants' argument that the expense of travel prevented attendance at their depositions.  On both occasions Defendants confirmed that they would appear and then failed to, their lack of diligence again causing Plaintiff and its counsel to incur needless costs and expenses.   This factor also militates strongly in favor of entering judgment in favor of Plaintiff.

    *4.*   *Willfulness or Bad Faith*

Willfulness is described as conduct that it is "intentional or self-serving." *Adams v. Trustees of the N.J. Brewery Empls.' Pension Trust Fund*, 29 F.3d 863, 875 (3d Cir. 1994). Defendants' failure and refusal to appear for their depositions, on two occasions, after having confirmed the dates and times of the depositions to counsel, reveals willful and self-serving conduct taken in clear contravention of their discovery obligations.  In addition, Defendants still have not responded to Plaintiff's request for documents, despite a court order, and despite having been served with the requests on three occasions.  This failure also demonstrates willfulness and

bad faith. *See Nocerino*, 2013 U.S. Dist. LEXIS 163522, at *23 (finding that the defendants' "consistent failure to produce requested documents and obey this court's orders, at the very least, render their actions willful for purposes of the fourth *Poulis* factor"). This factor also weighs in favor of granting the requested sanction.

### 5. *Effectiveness of Other Sanctions*

Considering the other sanctions available for a party's obstruction of the discovery process, we are satisfied that default judgment against Defendants is the most effective. Defendants have indicated that they are on the brink of bankruptcy. Any monetary sanction would likely not serve as an appropriate sanction or deter further misconduct. Moreover, directing that certain facts be taken as established or prohibiting Defendants from opposing designated claims will likely have little effect since Defendants have already demonstrated a complete disregard of their right to defend against the factual and legal claims asserted against them. We agree with Plaintiff that "[a]ny sanction short of a judgment in plaintiff's favor will only serve to reward defendants for their misconduct as the resolution of this matter is further delayed." (Pl.'s Mem. 7.) This *Poulis* factor also weighs in favor of granting the requested relief.

### 6. *Meritoriousness of Claims and Defenses*

Defendants do not dispute that Plaintiff is owed money as a result of work done on the VAMC restoration project. The only defense that Defendants have asserted in this action is that the property owner—the United States—should pay Plaintiff's bills, and not Defendants. Defendants' proffered defense ignores the fact that Plaintiff's contract is with Aeroplate and not with the United States. Defendants cannot condition satisfaction of their contractual obligations with Plaintiff on whether or not they recover any money from the United States. Nor can they

11

evade their responsibilities in defending this action simply because litigation of the Federal Claims Actions is ongoing. Defendants also dispute the precise amount owed to Plaintiff, but offer no documents, let alone factual support, to substantiate the amount they claim is actually owed.

Defendants had every opportunity to dispute the claims asserted against them when responding to Plaintiff's motion for summary judgment. However, they chose instead to file a mere one-and-a-half page response that did not address any of the factual or legal assertions raised by Plaintiff. If Defendants have a meritorious defense, they have failed to allege it in any of their pleadings with the Court, including their short and insubstantial response to the instant Motion for Sanctions. This factor weighs in favor of granting judgment in favor of Plaintiff.

In balancing the factors, we are satisfied that entry of judgment against Defendants in this matter is appropriate.

### B. Attorney's Fees

Plaintiff requests reimbursement of fees and costs associated with the filing of the instant Motion for Sanctions. Specifically, Plaintiff requests attorney's fees totaling $2,340.00 and costs totaling $186.50. We agree with Plaintiff that reimbursement of fees and costs is appropriate. *See* Fed. R. Civ. P. 37(b)(2)(C) (noting that "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure" to obey a discovery order "unless the failure was substantially justified or other circumstances make the award of expenses unjust"). Moreover, Defendants offer no argument in opposition to Plaintiff's request for reimbursement of fees and costs. However, Plaintiff has failed to provide adequate documentation to allow the Court to review whether the requested fees and costs are reasonable under the circumstances. Plaintiff has submitted the

Affidavit of its attorney, Michael H. Landis, Esquire, who states that he is requesting reimbursement for 7.8 hours spent at a rate of $300 per hour.  (Pl.'s Mot. Sanctions Ex. D.)  The Affidavit does not include detailed time sheets indicating how the 7.8 hours was spent, or invoices for the costs requested.  Upon receipt of additional documentation, the Court will consider Plaintiff's request for fees and costs.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Sanctions will be granted in part and denied in part.  Default judgment will be entered against Defendants Aeroplate and Patterson in the amount of $253,083.84, plus interest and storage fees.  Plaintiff's request for reimbursement of attorney's fees and costs associated with the filing of the Motion of Sanctions will be denied without prejudice.

An appropriate Order will follow.

**BY THE COURT:**

_____
**R. BARCLAY SURRICK,   J.**